**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BARVIDA, LLC, | Civil Action No. 3:26-cv-00443 |
| Plaintiff, | |
| v. | **COMPLAINT AND JURY TRIAL DEMAND** |
| MAIN SQUEEZE JUICE BAR & CAFE, LLC; MAIN SQUEEZE JUICE BAR LLC and CILHEMA LMINGGIO, | March 24, 2026 |
| Defendants. | |

Plaintiff Barvida, LLC ("Plaintiff"), by and through its counsel, for its Complaint against Main Squeeze Juice Bar & Cafe, LLC and Main Squeeze Juice Bar LLC (collectively, "Main Squeeze") and Cilhema Lminggio ("Lminggio") (collectively, "Defendants"), alleges as follows:

## NATURE OF THE CASE

1. This is a civil action to remedy acts by Defendants of, *inter alia*, (1) copyright infringement; (2) unlawful alteration of Plaintiff's copyrighted works; (3) trade dress infringement; and (4) unfair competition under Connecticut law. Defendants have engaged in a practice of copying Plaintiff's entire business, including unlawfully copying and altering Plaintiff's photographs and trade dress.

## PARTIES

2. Plaintiff is a limited liability company organized under the laws of the State of Connecticut with a principal place of business at 50 Mansfield Avenue, Darien, CT 06820.

3. On information and belief, Main Squeeze Juice Bar & Cafe, LLC is or was a Connecticut limited liability company with a place of business at 1225 Main Street, Bridgeport, CT 06604.

4.     On information and belief, Main Squeeze Juice Bar LLC is a Connecticut limited liability company with a place of business at 1225 Main Street, Bridgeport, CT 06604.

5.     On information and belief, Lminggio is an individual residing in the state of Connecticut with a business address at 1225 Main Street, Bridgeport, CT 06604 and a residential address at 200 Glover Ave #337, Norwalk, CT 06850.

6.     On information and belief, Lminggio has personally participated in and has willfully and knowingly directed the wrongful acts of Main Squeeze complained of herein, and such wrongful conduct has been for the benefit of Main Squeeze and for Lminggio's own individual benefit and gain.

7.     According to filings with the Secretary of the State of Connecticut, Lminggio is or was the manager of Main Squeeze Juice Bar & Cafe, LLC.

8.     According to filings with the Secretary of the State of Connecticut, Lminggio is the manager and sole member of Main Squeeze Juice Bar LLC.

9.     According to filings with the Secretary of the State of Connecticut, the mailing address for Main Squeeze Juice Bar LLC is Lminggio's residential address.

10.     According to filings with the Secretary of the State of Connecticut, Lminggio is the agent of Main Squeeze Juice Bar LLC.

11.     On information and belief, Lminggio is the owner of Main Squeeze, is personally responsible for design, marketing, and sales at Main Squeeze, and is essential to the operations of Main Squeeze.

## JURISDICTION AND VENUE

12.     This action arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.* and the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.* This Court has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 1338(a).

13. This Court has original jurisdiction over the Connecticut Unfair Trade Practices Act ("CUTPA") claim pursuant to 28 U.S.C. § 1338(b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The CUTPA claim is so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, the CUTPA claim arises from the same set of facts and circumstances as the federal copyright and trade dress infringement claims, involving the Defendants' alleged unauthorized use and modification of Plaintiff's copyrighted photographs and trade dress, which are central to the Plaintiff's allegations of unfair trade practices.

14. Defendants are subject to general jurisdiction in this Court because they reside in this District.

15. Defendants are subject to specific jurisdiction in this Court because, *inter alia*, they conduct business in the District and have committed at least some of the acts complained of herein within this District.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(a).

## FACTUAL BACKGROUND

17. Plaintiff is a restaurant specializing in healthy foods and beverages, in particular fresh pressed juice. Plaintiff opened its first location in Darien, Connecticut in 2020. Since then, Plaintiff has enjoyed great success in the marketplace and has since expanded to locations in Greenwich and New Haven, Connecticut.

18. Plaintiff is the owner of U.S. Trademark Registration No. 6,695,045 for its BARVIDA mark.

19.    Plaintiff's flagship product sold under the BARVIDA brand is its fresh pressed juice, which comes in a variety of flavors. A photograph of the juice product is shown below ("Plaintiff's Juice Product"):



20.    Plaintiff began marketing Plaintiff's Juice Product before it even opened its first location, and it remains one of Plaintiff's best-selling products.

21.    The packaging in which Plaintiff sells Plaintiff's Juice Product is distinctive, and includes a sleek, clean, design with a clear bottle, a black label on the front of the bottle, showing the brand name in cutout, all-capital letters, written in a vertical orientation, a black lid; and a black tag hanging off of the lid of the bottle with health related text:

4

  

22.     Plaintiff owns all right, title, and interest in the photograph of Plaintiff's Juice Product shown in Paragraph 19 supra ("Plaintiff's Juice Photograph"). On November 14, 2025, the United States Copyright Office issued a Certificate of Registration for Plaintiff's Juice Photograph with an effective date of October 3, 2025. A copy of the Registration for Plaintiff's Juice Photograph is attached hereto as **Exhibit A**.

23.     Plaintiff markets Plaintiff's Juice Product through a variety of channels, including online social media posts. Plaintiff's Juice Photograph has been publicly displayed by Plaintiff online to promote Plaintiff's Juice Product since at least May 16, 2022, as shown by a printout of an Instagram post attached hereto as **Exhibit B**.

24.     Plaintiff also offers a variety of other beverages and food dishes to its customers. Specifically, its food offerings include a homemade avocado toast dish and a fruit and nut bowl ("Food Offerings"). Photographs of the Food Offerings are shown below:

 

25.    Plaintiff owns all right, title, and interest in the photographs of Plaintiff's Food Offerings shown in Paragraph 24 supra ("Food Offerings Photographs"). In December 2025, the United States Copyright Office issued Certificates of Registration for Plaintiff's Food Offerings Photographs with effective dates of October 3, 2025. True and correct copies of the Registrations for Plaintiff's Food Offerings Photographs are attached hereto as **Exhibits C** and **E**.

26.    Plaintiff markets Plaintiff's Food Offerings through a variety of channels, including online social media posts. Plaintiff's Food Offerings Photographs have been publicly displayed by Plaintiff online to promote Plaintiff's Food Offerings since at least June 16, 2023 and October 30, 2021, respectively, as shown by printouts of Instagram posts attached hereto as **Exhibits D** and **F**.

27.    Defendants own and operate Main Squeeze, a restaurant offering nearly identical juice and food products as those of Plaintiff.

28.    At no time did Defendants request from Plaintiff, and at no time did Plaintiff grant any of the Defendants, or anyone else, permission or license to use Plaintiff's copyrighted photographs or trade dress in connection with Main Squeeze or for any other purpose.

29.    Nonetheless, Plaintiff recently became aware that Defendants are selling a product with a nearly identical packaging design as Plaintiff's Juice Product ("the Infringing Product").

Specifically, Plaintiff owner and founder Brennan Branca has captured images from Main Squeeze

marketing and social media[1]:

 

30.     The packaging of the Infringing Product is nearly identical to Plaintiff's Juice

Product, including the lid design, black front, cut out lettering and black tag.

---

[1] All images of Main Squeeze marketing in this Complaint were obtained by Mr. Branca via screenshot captures of Main Squeeze website, Facebook, and Instagram.



31.     Instead of taking its own photos of the Infringing Product, Main Squeeze stole and altered Plaintiff's marketing photos in order to market the Infringing Product.

32.     Altered Image A (shown on the right below) was copied by Defendants from Plaintiff's online marketing material (*see, e.g.*, Ex. B) and modified to remove Plaintiff's identifying information. Specifically, Altered Image A is identical to Plaintiff's Juice Photograph — as can be seen by comparing, *inter alia*, the identical curls in the greens to the left of the bottle and the identical shadow made by the lemon to the right of the bottle — but has been modified to remove the BARVIDA identifying information from the bottle's label.[2]

---

[2] A close review of Altered Image A even shows a faint remnant of the original BARVIDA logo on the black label.

| **PLAINTIFF'S JUICE PHOTOGRAPH** | **ALTERED IMAGE A** |
|---|---|
| (on Plaintiff's Social Media) | (on Defendants' Social Media) |

 

33.    Other copyrighted images on Defendants' social media accounts were copied from Plaintiff's copyrighted photographs published on Plaintiff's social media ("Infringing Food Photographs"):

**Plaintiff's**
**Food Offerings Photograph #1**



**Defendants' Copying of Plaintiff's**
**Food Offerings Photograph #1**



**Plaintiff's**
**Food Offerings Photograph #2**



**Defendants' Copying of Plaintiff's**
**Food Offerings Photograph #2**



34.     In fact, Defendants did more than just copy and/or alter Plaintiff's photographs and product packaging designs. They have copied essentially every aesthetic or creative aspect of Plaintiff's business, including labels, food, décor, and descriptions of their products. *See, e.g.,*

a.     The text on the clear bottles:



b.     The marquee signage:



c.      The furniture:

 

d.      Other décor:

 

35.     Defendants have essentially created a competing business that is virtually identical to Plaintiff's in all but name, copying Plaintiff's creative and business decisions for their own gain.

36.     On or about February 13, 2026, Plaintiff sent Defendants a letter demanding that they cease their infringing and unlawful activity described herein.

37.     As of the filing of this Complaint, Defendants have not received a substantive response to Plaintiff's letter.

38.     Defendants' infringement is continuous and ongoing. Absent an injunction, Plaintiff will continue to be irreparably harmed by Defendants' infringement of Plaintiff's copyrighted work and trade dress.

39.     Defendants' illegal actions have caused irreparable damage to Plaintiff.

40.     On information and belief, Defendant Lminggio is the decisionmaker of Main Squeeze and the moving force behind the infringing and unlawful activity described herein.

<u>**COUNT I**</u>
**(Copyright Infringement Under 17 U.S.C. § 501)**

41.     Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1–40, inclusive.

42.     On information and belief, Defendants had access to Plaintiff's Juice Photograph prior to creating the Infringing Product and photographs.

43.     In violation of 17 U.S.C. § 501, Defendants infringed the copyright in Plaintiff's Juice Photograph and Food Offerings Photographs (collectively, "Plaintiff's Photographs") by reproducing identical copies in the form of their Altered Image A and Infringing Food Photographs (collectively, "Infringing Photographs") and distributing those copies, at least via social media posts. Defendants' Infringing Photographs were derived and copied from Plaintiff's Photographs without Plaintiff's authorization.

44.     The Infringing Photographs are substantially similar to Plaintiff's Photographs. In fact, the Infringing Photographs are copied from and identical to Plaintiff's Photographs other than the alteration done in Altered Image A.

45.     On information and belief, Defendants, knowing that the Infringing Photographs were derived and copied from Plaintiff's Photographs without authorization, made the decision to make identical copies of Plaintiff's Photographs and use them to market their own nearly identical products.

46.     On information and belief, Defendants' infringement of Plaintiff's Products has been willful and in complete disregard of Plaintiff's rights.

47.    Plaintiff has been damaged by Defendants' infringing conduct in an amount to be determined at trial.

48.    On information and belief, unless enjoined, Defendants will continue their infringing acts, thereby causing additional irreparable injury to Plaintiff for which there is no adequate remedy at law.

## COUNT II
### (Intentional Removal of Copyright Management Information under 17 U.S.C. § 1202)

49.    Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1–40, inclusive.

50.    Plaintiff's Juice Photograph contained copyright management information ("CMI"), as defined by 17 U.S.C. § 1202(c), including identifying information about the copyright owner of Plaintiff's Juice Photograph in the form of the label on the product with the BARVIDA brand.

51.    On information and belief, Defendants or their agents altered the CMI in Plaintiff's Juice Photograph by creating modified versions, i.e., Altered Image A, which removed the identifying information about Plaintiff from Plaintiff's Juice Photograph.

52.    Defendants distributed copies of the Altered Image A, knowing that it was a copy of Plaintiff's Juice Photograph with altered CMI.

53.    While Altered Image A removed the CMI from Plaintiff's Juice Photograph identifying Plaintiff as the owner of the copyright, Defendants' branding in the form of the words "Main Squeeze" was superimposed on Altered Image A such that Defendants' branding served as false CMI for Plaintiff's Juice Photograph.

54.    On information and belief, Defendants intentionally altered Plaintiff's Juice Photograph, and knowingly distributed Altered Image A with removed and false CMI, in order to

14

conceal that Defendants' use of Plaintiff's Juice Photograph was without the authorization of Plaintiff and in violation of law.

55.    Defendants' removal of CMI from Plaintiff's Juice Photograph and distribution of Altered Image A violated the Digital Millennium Copyright Act ("DMCA"), including 17 U.S.C. § 1202(b)(1), 17 U.S.C. § 1202(b)(2), and 17 U.S.C. § 1202(b)(3).

56.    Each alteration of Plaintiff's Juice Photograph to remove Plaintiff's CMI and each distribution of Altered Image A resulted in separate violations of 17 U.S.C. § 1202.

57.    Plaintiff has been damaged by Defendants' violations of the DMCA in an amount to be determined at trial.

58.    As a result of Defendants' violations of the DMCA, Plaintiff is entitled to damages in the form of actual or statutory damages pursuant to 17 U.S.C. §§ 1203(b)(3) and 1203(c), costs pursuant to 17 U.S.C. § 1203(b)(4), reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5), a temporary and permanent injunction pursuant to 17 U.S.C. § 1203(b)(1), and the impounding, modification, or destruction of any items involved in the violation pursuant to 17 U.S.C. §§ 1203(b)(2) and 1203(b)(6).

59.    Plaintiff is entitled to a separate award of damages for each violation of 17 U.S.C.§ 1202.

60.    On information and belief, unless enjoined, Defendants will continue their unlawful acts, thereby causing additional irreparable injury to Plaintiff for which there is no adequate remedy at law.

**COUNT III**
**(Trade Dress Infringement under 15 U.S.C. § 1125(a))**

61.    Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1–40, inclusive.

62.    Plaintiff is the owner of distinctive trade dress associated with its products, including but not limited to the sleek, clean design of its juice bottles, which feature a clear bottle, a black label on the front of the bottle, showing the brand name in cutout, all-capital letters, written in a vertical orientation, a black lid; and a black tag hanging off of the lid of the bottle.

63.    Plaintiff's trade dress is non-functional, distinctive, and has acquired secondary meaning in the marketplace, signifying to consumers that products bearing this trade dress originate from Plaintiff.

64.    Defendants, without authorization, have used trade dress that is nearly identical and confusingly similar to Plaintiff's trade dress in connection with the sale, offering for sale, distribution, and advertising of their products, specifically the Infringing Product, which mimics Plaintiff's distinctive design elements.

65.    Defendants' use of the infringing trade dress is likely to cause confusion, mistake, or deception among consumers as to the source, origin, sponsorship, or approval of Defendants' products, thereby infringing Plaintiff's rights under 15 U.S.C. § 1125(a).

66.    Defendants' actions have been willful and deliberate, with the intent to trade on the goodwill and reputation established by Plaintiff in its trade dress.

67.    As a direct and proximate result of Defendants' trade dress infringement, Plaintiff has suffered and will continue to suffer irreparable harm, including loss of control over its reputation and goodwill, for which there is no adequate remedy at law.

68.    Plaintiff is entitled to injunctive relief to prevent further infringement of its trade dress by Defendants, as well as an award of damages, including Defendants' profits, actual damages sustained by Plaintiff, and the costs of this action pursuant to 15 U.S.C. § 1117.

16

69.     Plaintiff further seeks an award of treble damages and attorneys' fees due to the willful nature of Defendants' infringement, as provided under 15 U.S.C. § 1117.

**COUNT IV**
**(Violation of the Connecticut Unfair Trade Practices Act Conn. Gen. Stat. § 42-110a et seq.)**

70.     Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1–40, inclusive.

71.     The Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a et seq., prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

72.     Defendants, by their actions as described herein, have engaged in unfair and deceptive acts or practices in violation of CUTPA. For example, as discussed above, Defendants have not only copied and used Plaintiff's copyrighted photographs and packaging designs without authorization, thereby misleading consumers and unfairly competing with Plaintiff, they have also sought to copy essentially every element of Plaintiff's business, down to the furniture and the storefront marquee, creating a false impression to consumers that Defendants are associated with or authorized by Plaintiff.

73.     Defendants' actions offend public policy and have caused, and continue to cause, substantial injury to Plaintiff, including loss of sales, damage to reputation, and loss of goodwill.

74.     Defendants' willful and malicious conduct was and is immoral, unethical, oppressive, and unscrupulous as Defendants have sought to confuse the public for their own commercial benefit by implying that they are affiliated with, endorsed by, or are associated with Plaintiff.

75.     There are no benefits to Defendants' acts as set forth hereon except a benefit to Defendants' own commercial interests.

76.     The injury caused by Defendants' conduct was not reasonably avoidable by Plaintiff, as Defendants' actions were willful and in complete disregard of Plaintiff's rights.

77.     As a direct and proximate result of Defendants' unfair and deceptive acts or practices, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

78.     Plaintiff is entitled to relief under CUTPA, including actual damages, punitive damages, and reasonable attorneys' fees, as well as injunctive relief to prevent further violations by Defendants.

## PRAYER FOR RELIEF

A.     Entry of a judgment against Defendants, finding that Defendants have infringed Plaintiff's rights in the federally registered copyrights for Plaintiff's Photographs under 17 U.S.C. § 101 *et seq.*;

B.     Injunctive relief restraining Defendants from copying, making derivative works, reproducing, duplicating, disseminating, distributing copies of, publicly performing, or displaying a work copied or derived from Plaintiff's Photographs;

C.     An award of actual damages suffered by Plaintiff due to Defendants' infringement of Plaintiff's Photographs and a disgorgement of all profits derived by Defendants from their infringement, pursuant to 17 U.S.C. § 504 or as otherwise allowed by law;

D.     Entry of a judgment against Defendants, finding that Defendants have violated Plaintiff's rights in Plaintiff's Photographs under 17 U.S.C. § 1202;

E.     Injunctive relief restraining Defendants from intentionally removing or altering any copyright management information from Plaintiff's copyrighted images or distributing or importing for distribution of Altered Image A;

18

F.      An award of actual damages suffered by Plaintiff due to Defendants' intentional removal of copyright management information from Plaintiff's Juice Photograph and distribution of Altered Image A and a disgorgement of all profits derived by Defendants from any and all of the Defendants' violations of Plaintiff's rights under the DMCA, pursuant to 17 U.S.C. § 1203(c)(2); or, in the alternative, upon Plaintiff's election, pursuant to 17 U.S.C. § 1203(c)(3)(B).

G.      Entry of a judgment against Defendants, finding that Defendants have infringed Plaintiff's rights in its trade dress for the packaging of Plaintiff's Juice Product under 15 U.S.C. § 1125(a);

H.      Injunctive relief restraining Defendants from importing, advertising, distributing, offering for sale, or selling the Infringing Product or any other products that bear an identical or confusingly similar design as Plaintiff's trade dress;

I.      An award of actual damages suffered by Plaintiff due to Defendants' infringement of Plaintiff's trade dress Photographs and a disgorgement of all profits derived by Defendants from their infringement, pursuant to 15 U.S.C. § 1117 or as otherwise allowed by law;

J.      An order for an accounting of all gains, profits and advantages derived by Defendants on account of the unlawful acts complained of herein pursuant to CUTPA, and any other applicable federal statute or Connecticut state and common law;

K.      An award of damages equal to treble Defendants' profits or Plaintiff's damages, whichever is greater, on account of Defendants' willful infringement;

L.      An award of punitive damages, in an amount to be determined at trial, pursuant to Conn. Gen. Stat. § 42-110g(a);

19

M.      An award of all costs incurred in this Action, pre-judgment and post-judgment interest, and Plaintiff's attorneys' fees incurred in this Action, pursuant to 17 U.S.C. § 1203(b)(4)–(5), 15 U.S.C. § 1117(a), Conn. Gen. Stat. § 42-110g(d), or as otherwise allowed by law;

N.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated: March 24, 2026                                  Respectfully submitted,

By: */s/ Sandra A. Hudak*
        Sandra A. Hudak (ct32037)
        TARTER KRINSKY & DROGIN LLP
        1350 Broadway
        New York, NY 10018
        Tel.:    (212) 216-8000
        Fax:    (212) 216-8001
        E-mail: shudak@tarterkrinsky.com

        *Attorneys for Plaintiff Barvida, LLC*

20